

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

GERALD C. MANN
WILL WILSON
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-3463
Re: Substitution of purpose
clause of private corpora-
tion by charter amendment.

We are in receipt of your recent request for
an opinion as to whether a corporation may amend its char-
ter by changing its purpose from that stated by Article
1303b, Vernon's Texas Civil Statutes, to that stated by
Subdivision 47 of Article 1302, R. C. S., 1925, commonly
known as the real estate purpose clause, in view of the
provisions of Article 1314, R. C. S., 1925.

You have the following to say concerning the
established practice in your department:

"So far as we are able to determine, this
office has always held that Article 1314 pro-
hibits the amendment of a purpose clause chang-
ing it from one subdivision of Article 1302 to
another, and has allowed only such amendments
as leave the purpose within the same purpose
clause, but add or subtract from its powers under
that purpose clause."

Article 1303b, Ch. 2, Title 32, Vernon's Texas
Civil Statutes, 1925, reads as follows:

"A private corporation may be formed for
any one or more of the following purposes, with-
out banking or insurance privileges: to accum-
ulate and loan money, to sell and deal in notes,
bonds and securities; to act as trustee under
any lawful express trust committed to it by
contract, and as agent for the performance of
any lawful act; to subscribe for, purchase, in-

vest in, hold, own, assign, pledge and other-
wise deal in and dispose of shares of capital
stocks, bonds, morgages, debentures, notes and
other securities or obligations, contracts and
evidences of indebtedness of foreign or domestic
corporations not competing with each other in
the same line of business, to borrow money or
issue debentures for carrying out any or all
purposes above enumerated.  Provided that the
power and authority herein conferred shall in
no way affect any of the provisions of t he anti-
trust laws of this State."

The present charter purpose of the corporation
in question is in the language of the above quoted statute.

Subdivision 47 of Article 1302, Ch. 1, Title 32,
R. C. S. 1925, provides:

"To erect or repair any building or im-
provement, and to accumulate and lend money for
said purposes, and to purchase, sell and sub-
divide real property in towns, cities and vil-
lages ;and their suburbs not extending more than
two miles beyond their limits and to accumulate
and lend money for that purpose."

The proposed amendment in the purpose of the cor-
porate charter is in the exact language of Subdivision 47.

A private corporation is a creature of the stat-
utes and may amend its charter only as authorized by staute
and in strict comformity thereto.  Attorney General's Opinion,
November 21, 1933, to Hon. W. W. Heath, Secretary of State.

.    Article 1314 of R. C. S. 1925, reads as follows:

"Any private corporation organized or in-
corporated for any purpose mentioned in this
title, may amend or change its charter or act of
incorporation by filing, authenticated in the
same manner as the original charter, such amend-
ments or changes with the Secretary of State.  A
corporation created by special Act of the Legis-
lature shall also file with said officer its

original charter and such amendments thereto or changes therin, if any, as have been made by special Act of the Legislature; and the same shall be recorded by the Secretary of State, followed by the proposed amendments or changes thereof. Such amendments or changes shall take effect and be in force from the date of any filing thereof. The certificate of the Secretary of State shall be evidence of such filing. No amendment or change violative of the Constitution or laws of this State or any provision of this title or which so changes the original purpose of such corporation as to prevent the execution thereof, shall be of any force or effect." (Underscoring ours)

In addition to the departmental construction by the Secretary of State's office, we find a number of opinions of this department construing Article 1314, R. C. S. 1925.

In an opinion dated June 7, 1924, to Honorable S. L. Staples, Secretary of State, this department referred to Article 1135, R. S. 1911, (now Article 1314, R. C. S. 1925) in the following language.

"The purpose of this enactment is seemingly to prevent a change in the character and the purpose or, in other words, the nature of a corporation by an amendment of its charter, or to reorganize the corporation into a new and a different concern, under the guise of an amendment or the addition of a new purpose permitted under the statute."

In an opinion addressed to Mrs. Jane Y. McCallum, Secretary of State, dated January 28, 1932, this department ruled that by virtue of the provisions of Article 1314, R. C. S. 1925, a corporation having as its charter purpose the language of Section 37, Article 1302, R. C. S. 1925, could not by amendment change its purpose to that set out in Subdivision 38, of Article 1302. Subdivision 37 provides for the establishment and maintenance of an oil business with certain other enumerated powers and Subdivision 38 provides for the establishment and maintenance of a drilling business, including the drilling of wells for oil or gas.

We quote in part from the opinion:

"By no stretch of the imagination, can I conceive that one whose authority is restricted to engaging in a drilling business', has authority either expressly or impliedly to 'contract for the lease and purchase of the right to prospect for, develop and use coal and other minerals, petroleum and gas; or to build and own oil tanks necessary to be used in the 'oil business'; and not necessary in the 'drilling business', or to build and own cars and pipes necessary to be used in the 'oil business', and not necessary in the 'drilling business'. There being such a wide difference in the character of the two businesses treated in the two Section, there is no doubt in my mind but that the proposed amendment 'so changes the original purpose of the corporation as to prevent the execution thereof.' State ex rel. Steubenville Gas and Electric Co. v. Taylor (Supreme Court of Ohio) 45 N. E. 513."

The opinion then discusses the cited case and continues:

"It is also to be noted that unlike the amendment proposed by Collins & Plummer Production Company, the amendment proposed by the Ohio Corporation did not <u>deprive it</u> of any of the rights and privileges granted to it under its original charter, but <u>ves</u>ted it with additional rights and privileges which it could have just as well obtained at the time of the granting of its original charter by including them therein. The Ohio Court said the amendment violated that portion of Article 3239a set out herein. It will be readily seen that the amendment in the instant case more surely and definitely voilates certain of the provisions contained in Article 1314 than did the proposed amendment in the Ohio case, <u>in that the amendment would deprive the corporation, under its charter as amended, of the authority to do each of those things set out in paragraphs 1 and 2 on page three hereof.</u>" (The paragraphs referred to point out the charter powers in Subdivision 37 which would not be included under

Subdivision 78) (Underscoring ours)

In Conference Opinion No. 2944, dated March 17, 1934, to Honorable W. W. Heath, Secretary of State, this department reviewed the history of Article 1314, R. C. S. 1925, and discussed its application. This opinion apparently approves the holding of the 1932 opinion quoted above and states that it "relates to the right to make an absolute and complete change in the purpose clause" and "deals with the question of whether a corporation having for its purpose clause, one of the subdivisions of the statute, might completely substitute another and different subdivision thereof as its purpose clausem the kind and character of work being entirely dissimilar in the two instances." It is pointed out in this conference opinion that Article 573, R. S., 1879, provided that "no amendments or changes shall be of any force or effect which are not germain to the original purposes or charter of incorporation, and calculated to carry out and effect the same." It was concluded that "prevent the execution thereof" as used in Article 1314, should be construed to mean substantially the same as "germane to and calculated to carry out and effect the same" as used in the original enactment.

Under the practice of your department and the long-standing construction of Article 1314, R. C. S. 1925, by this department, we think a mere reading of the purposes set out in Article 1303b, and Subdivision 47, Article 1302, is sufficient to demonstrate that they are not germane but provide separate and distinct purposes. Subdivision 47 of Article 1392 has for its principal purposes the purchase, sale and subdivision of real property in cities, and the creation or repair of buildings or improvement. The accumulation and lending of money in incidental to the principal purposes and thereby restricted. There is a substantial difference between these purposes and those set out in Article 1303b.

It has been pointed out that the corporation has been in liquidation since 1933, and as a result thereof, has acquired considerable real estate through foreclosure. It is further suggested that the corporation has not exercised all the powers authorized by its charter, either because of the liquidation or because prohibited by the banking laws of the United States and for these reasons the amendment would not prevent the further execution of

the original purpose of this corporation.  In determining
this question however, we think that our examination must
be confined to the original charter purposes of the cor-
poration, as disclosed by applicable stautes and its char-
ter on file in the office of the Secretary of State, and
that the incidental acquisition of real estate in the order-
ly process of liquidation would not affect the corporation's
original charter purposes.

It is our opinion that a corporation having as
its charter purpose the powers set out in Article 1303b,
Vernon's Texas Civil Statutes, may not be amendment sub-
stitute therefor Subdivision 47 of Article 1302, R. C. S.
1925, by virtue of the provisions of Article 1314, R. C. S.
1925.

                                    Yours very truly
                            ATTORNEY GENERAL OF TEXAS


                            By          Cecil C. Cammack
                                            Assistant

CCC:LM--pam

APPROVED MAY 10, 1941
Glenn R. Lewis
Acting Attorney General of Texas

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN